-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KATRINA BROWN, o.b.o. K. V. O., Jr.,

    Plaintiff,

-v-

Commissioner of Social Security,

    Defendant.

DECISION AND ORDER
05-CV-6051L(P)

---

    Plaintiff Katrina Brown, on behalf of her infant son Kirk Van Orden, Jr., has submitted a *pro se* complaint appealing the administrative denial of supplemental Social Security benefits (SSI benefits). Plaintiff has also submitted an affirmation of poverty and seeks permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The affirmation of poverty has been reviewed in accordance with 28 U.S.C. § 1915(a)(1) and, because plaintiff has met the statutory requirements for *in forma pauperis* status, the motion for permission to proceed *in forma pauperis* is granted.

    In addition, the complaint has been reviewed by the Court with respect to the 28 U.S.C. § 1915(e)(2) criteria. In that regard, the Court notes that, as a general rule, a parent who brings a *pro se* claim on behalf of her infant child may not act as the child's representative in the action because she is not an attorney admitted to practice before this Court and therefore may not proceed *pro se* on behalf of her minor child. *See Cheung v. Youth Orchestra Foundation of Buffalo*, 906 F.2d 59, 61 (2d Cir. 1990); Fed.R.Civ.P. 17(c). Furthermore, as a general rule, an infant plaintiff, as a minor, may not bring an action on her own behalf in federal court. Fed.R.Civ.P. 17(c). However, the Second Circuit has

recently held that "[w]here a district court, after appropriate inquiry into the particular circumstances of the matter at hand, determines that a non-attorney parent who brings an SSI appeal on behalf his or her children has a sufficient interest in the case and meets basic standards of competence, ... a non-attorney parent may bring an action on behalf of his or her child without representation by an attorney." *Machadio v. Apfel*, 276 F.3d 103, 107 (2d Cir. 2002).

Accordingly, based on our review of the papers before the Court, we find that Katrina Brown is properly before the Court in her *pro se* appeal on behalf of her son Kirk Van Orden, Jr. under § 405(g).

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon the named defendant without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

SO ORDERED.

Dated:     May 24, 2005
           Rochester, New York

                                    _____
                                    CHARLES J. SIRAGUSA
                                    United States District Judge