UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATRINA BROWN
c/o Kirk VanOrden, Jr.,

                                        Plaintiff,

                                                                                          DECISION AND ORDER

                                                                                          05-CV-6051L

                                   v.

COMMISSIONER OF SOCIAL SECURITY,

                                        Defendant.
_____

## INTRODUCTION

This is an action brought by plaintiff Katrina Brown, *pro se*, on behalf of her minor son, Kirk D. Vanorden ("Kirk"), pursuant to 42 U.S.C. § 405(g) to review the final determination of the Commissioner of Social Security ("the Commissioner") that Kirk is not disabled and, therefore, is not entitled to Supplemental Security Income ("SSI") benefits under Title XVI of the Social Security Act ("the Act").

The Commissioner now moves for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. #7). Plaintiff filed no response to the motion, despite two opportunities to do so. As set forth below, I find that substantial evidence exists to support the Commissioner's determination that Kirk is not disabled within the meaning of the Act. The Commissioner's motion, therefore, is granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff applied for SSI on January 8, 2003, on Kirk's behalf when he was ten years old, alleging that he suffered from a disability since September 1, 1997, due to attention deficit

hyperactivity disorder ("ADHD"). (T. 54-55).[1] This application was denied. On May 22, 2003, a hearing was held before an Administrative Law Judge ("ALJ") James S. Quinlivan, at which plaintiff appeared and testified. (T. 21-33). ALJ Quinlivan issued a decision on October 27, 2004, finding that Kirk was not disabled. (T. 11-16). The ALJ's decision became the final decision of the Commissioner on December 30, 2004, when the Appeals Council denied plaintiff's request for review. (T. 3-5). This action followed.

## DISCUSSION

### I. Standard for Determining Disability in Children

To qualify for SSI, a child under the age of eighteen must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(I).

The Commissioner employs a three-step sequential analysis to determine whether a child is disabled within the meaning of the Act. 20 C.F.R. § 416.924(a); *see also Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir.2004). The first step is to determine whether the child is engaging in "substantial gainful activity." *Id.* at § 416.924(b). If he is not, the ALJ considers at step two whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* at § 416.924(c). Finally, at step three, if the ALJ finds a severe impairment, he then must consider whether the child has an impairment that "meets," "medically equals," or "functionally equals" a disability listed in the Commissioner's Listing of Impairments, found at 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at § 416.924(d).

The ALJ determined at step one that Kirk was not engaging in substantial gainful activity. He found at step two that Kirk suffered from ADHD and a learning disorder which were "severe"

---

[1] "T. __" refers to the page of the administrative transcript filed by the Commissioner.

medically determinable impairments within the meaning of the regulations. At issue here is the ALJ's conclusion at step three that Kirk's impairments did not meet, medically equal, or functionally equal the Listings. (T. 12-15).

## II. Meets or Medically Equals a Listed Impairment

The ALJ's conclusion that the record evidence failed to establish that Kirk's impairments met or medically equaled a listed impairment is supported by substantial evidence. What constitutes ADHD is set forth in the Commissioner's Listing of Impairments at Listing 112.11. To meet the requisite level of severity of the Listing, there must be: (A) medically documented findings of marked[2] inattention, marked impulsiveness, *and* marked hyperactivity; *and* (B) resulting in a marked impairment in at least *two* of the following: cognitive/communicative function, social functioning, personal functioning, or maintaining concentration, persistence and pace. *See* 20 C.F.R. pt. 404, Subpt. P, App. 1, at Listing 112.11.

There is substantial evidence in the record that Kirk's impairments do not meet the requirements of Listing 112.11. A childhood disability evaluation completed by pediatrician Dr. Paulette Harar on April 7, 2003, concluded that Kirk had ADHD, but that it did not meet or equal the requirements for ADHD found in Listing 112.11. (T. 99-104). In addition, psychologist Christine Ransom, Ph.D., performed consultative psychiatric, intellectual, and adaptive behavior evaluations of Kirk on July 7, 2004. After all three evaluations, Dr. Ransom reported that Kirk had only mild limitations in attending to, following, and understanding age-appropriate directions and completing tasks, and mild difficulty in development of verbal communication, which was in the borderline range. Dr. Ransom also concluded that Kirk was capable of maintaining appropriate social behavior, responding appropriately to changes in the environment, learning in accordance with

---

[2] A "marked" impairment for purposes of meeting a Listing "means more than moderate but less than extreme" degree of limitation. "A marked limitation may arise when several activities or functions are impaired, or even when only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis." *See* 20 C.F.R. pt. 404, Subpt. P, App. 1., at Listing 112.00(C).

cognitive functioning, asking questions and requesting assistance, being aware of dangers and taking precautions, and interacting adequately with peers and adults. (T. 109-119). This evidence demonstrates that Kirk's ADHD does not meet the requirements of Listing 112.11 because it does not cause "marked" impairments in two of the subpart (B) categories found in the Listing.

In addition, there is insufficient evidence that Kirk's impairments are "medically equivalent" to those found in the Listing. There is no evidence that Kirk has "other medical findings related to [his ADHD] that are at least of equal medical significance" to the requirements of Listing 112.11. 20 C.F.R. § 416.926(a)(1)(ii).

### III. Functional Equivalence

Finally, I conclude that the ALJ's determination that Kirk's impairments did not result in limitations that "functionally equal" the Listings is also supported by substantial evidence. 20 C.F.R. Section 416.926a sets forth a detailed process for determining functional equivalence in childhood disability cases. The ALJ must examine the evidence of record and determine a child's level of functioning in "six domains." The six domains are: acquiring and using information; attending and completing tasks; interacting and relating with others; moving about and manipulating objects; caring for oneself; and health and physical well-being. 20 C.F.R. § 416.926a(b)(1). If a child has marked[3] limitations in two of the domains or an extreme[4] limitation in one domain, then his

---

[3] 20 C.F.R. § 416.926(e)(2) provides that "We will find that you have a 'marked' limitation *in a domain* when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. 'Marked' limitation also means a limitation that is 'more than moderate' but 'less than extreme.' It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean." (emphasis added).

[4] 20 C.F.R. § 416.926(e)(3) provides that "We will find that you have an 'extreme' limitation in a domain when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities. Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities. 'Extreme' limitation also means
(continued...)

impairments will functionally equal the Listings, and he will be found disabled. *See* 20 C.F.R. § 416.926a(d).

In his decision, the ALJ discussed each of the six domains of functioning, identified the medical evidence relevant to those domains, and then stated the extent, if any, of Kirk's limitations in each domain. (T. 14-15). He concluded that Kirk had "less than marked" limitations in three domains: acquiring and using information; attending and completing tasks; and interacting and relating to others. The ALJ determined that Kirk had no limitations in moving about and manipulating objects, caring for himself, or in his health and physical well-being. Based on this assessment, the ALJ concluded that plaintiff did not have impairments that "functionally equaled" the Listings.

The ALJ's conclusion is supported by substantial evidence, including Dr. Harar's April 7, 2003, childhood disability evaluation in which all six domains of functioning were assessed (T. 99-104), and Dr. Ransom's psychiatric evaluations, discussed *supra*. (T. 109-119). The ALJ's conclusion is also consistent with Dr. Antoinette Jakobi's psychiatric evaluation, completed on October 1, 2001, which found that, although Kirk had a history of attention problems and completing tasks, he was "not really a behavioral problem other than for the hyperactivity." (T. 78-82). It is also supported by the records of Kirk's primary care physician, Dr. Carolyn Mok. (T. 92-98). In an April 11, 2002, visit, Dr. Mok opined that, although Kirk had "presumed ADHD," he was "doing well" on medication. (T. 96).

Moreover, a teacher questionnaire completed by Kristie McManus on March 18, 2003, supports the ALJ's findings in the six domains of functioning. McManus concluded that Kirk had some problems in acquiring and using information, attending and completing tasks, and interacting

---

[4](...continued)
a limitation that is 'more than marked.' 'Extreme' limitation is the rating we give to the worst limitations. However, 'extreme limitation' does not necessarily mean a total lack or loss of ability to function. It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean."

and relating with others, but no two domains were characterized by "marked" impairments, nor was Kirk "extremely" limited in any one domain. (T. 129-31). Ms. McManus, like the ALJ, determined that Kirk had no problems moving about and manipulating objects, caring for himself, or in his health and physical well-being. (T. 132-35).[5]

The ALJ conducted a comprehensive review of the medical evidence and opinions of record, and gave a proper explanation for his finding that Kirk was not disabled. The evidence shows that Kirk has ADHD and is on medication to address that impairment. Nevertheless, substantial evidence supports the ALJ's conclusion that Kirk's ADHD does not meet, medically equal, or functionally equal the Listings. Although Kirk's mother testified at the hearing that Kirk's impairments were more serious than as described by the medical experts of record, the ALJ properly evaluated that testimony in light of the record as a whole. The record does not support a finding that Kirk meets the definition for a childhood disability as set forth in the Act.

## CONCLUSION

The Commissioner's motion (Dkt. #7) is granted. This action is dismissed with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       May 15, 2006.

---

[5] Another teacher questionnaire completed by Kirk's fourth grade teacher, Mr. Luong, is also generally consistent with the ALJ's determination. (T. 137-43).